46

**Mardea HOSSAIN, Mohammed Iqbal Hossain, Nazmus Sadat, and Nazma Hossain, Petitioners,**

**v.**

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

Docket Nos. 03–4808–AG, 03–4812–AG, 03–4814–AG.

United States Court of Appeals, Second Circuit.

Sept. 7, 2005.

Salim Sheikh, (David A. Bowen, on the brief), New York, N.Y., for Petitioner.

Gerald B. Sullivan, Assistant United States Attorney, for Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, Philadelphia, Pa, for Respondent.

Present: NEWMAN, CALABRESI, and STRAUB, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review be **DENIED** and that the motion for a stay of deportation be **DENIED.**

On behalf of himself and his family, Mohammed Iqbal Hossain, a native and citi-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales has been substituted for former Attorney General John Ashcroft as the respondent in this case.

zen of Bangladesh, petitions for review of a March 31, 2003 order of the Board of Immigration Appeals ("BIA"), which summarily affirmed the earlier decision of Immigration Judge Matthew T. Adrian ("IJ"). The IJ had rejected petitioner's application for asylum and for withholding of removal under the Immigration and Nationality Act of 1952, see 8 U.S.C. §§ 1158(a), 1231(b)(3). We assume the parties' familiarity with the facts, procedural history, and scope of issues before us.

On appeal, Petitioner contends that the IJ was incorrect in finding that he and his family did not have a well-founded fear of persecution because political conditions have changed substantially in Bangladesh. We have held that the burden of proof to demonstrate changed conditions falls on the government once Petitioner has established, as he did in this case, evidence of past persecution. *Diallo v. INS*, 232 F.3d 279, 285 (2d Cir.2000) ("However, if the applicant shows that he or she suffered 'persecution in the past such that his or her life or freedom was threatened,' then it is presumed that his or her life or freedom would be threatened upon return 'unless a preponderance of the evidence establishes that conditions in the country have changed to such an extent that it is no longer more likely than not that the applicant would be so persecuted there.'" (quoting 8 C.F.R. § 208.16(b)(2))). In the case before us, the State Department's Country Report indicated that the political situation had changed significantly since Petitioner had left Bangladesh, and other evidence in the record demonstrated greater cooperation among political factions, including the party in which Petitioner had been involved. The IJ also relied on the localized nature of the persecution that Hossain had previously encountered. On the basis of all the evidence before him, the IJ concluded that the government had met its burden of showing that Petitioner's fear of future persecution was not well-founded, and we find that substantial evidence supports his conclusion. *See Melendez v. U.S. Dep't of Justice*, 926 F.2d 211, 217 (2d Cir.1991).

We have considered all of Petitioner's other arguments and find them to be without merit. The petition for review is therefore DENIED, and Petitioner's motion for a stay of deportation is also DENIED.